1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

TRACY DAMON LEE,

10

Petitioner,

11

v.

12

UNITED STATES OF AMERICA,

13

Respondent.

14

CASE NO. C16-0949JLR

ORDER GRANTING SECTION
2255 PETITION

15

## I.  INTRODUCTION

16

Before the court is Tracy Damon Lee's petition under 28 U.S.C. § 2255 to vacate,

17

set aside, or correct his 216-month prison sentence in the wake of the Supreme Court's

18

decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  (Pet. (Dkt.

19

# 1).)  The court has considered Mr. Lee's petition, the United States of America's ("the

20

Government") answer to Mr. Lee's petition (Answer (Dkt. # 7)), Mr. Lee's reply in

21

support of his petition (Reply (Dkt. # 9)), the relevant portions of the record, and the

22

applicable law.  Considering itself fully advised,[1] the court GRANTS Mr. Lee's Section

2255 habeas petition and DIRECTS the Clerk to schedule a resentencing for Mr. Lee as

set forth below.

## II. BACKGROUND

**A.    Legal Background**

In *Johnson*, the Supreme Court concluded that the Armed Career Criminal Act's

("ACCA") residual clause, which defines a "violent felony" to include any felony that

"involves conduct that presents a serious potential risk of physical injury to another,"[2] is

unconstitutionally vague.[3]  135 S. Ct. at 2557.  Before *Johnson*, a defendant convicted of

being a felon in possession of a firearm faced a mandatory minimum sentence of 15 years

under the ACCA if he had three prior convictions for "violent felonies."  18 U.S.C.

§ 924(e)(1).  The Court held that "the indeterminacy of the wide-ranging inquiry required

by the residual clause both denies fair notice and invites arbitrary enforcement by judges"

and "[i]ncreasing a defendant's sentence under the clause denies due process of law."  *Id.*

at 2563.  The Supreme Court subsequently announced that the rule in *Johnson* was "a

new substantive rule that has retroactive effect in cases on collateral review."  *Welch*, 136

S. Ct. at 1268.

At the time of Mr. Lee's sentencing, the ACCA defined a "violent felony" as

---

[1] Neither party requested oral argument, and the court determines that oral argument would not be helpful here.  *See* Local Rules W.D. Wash. LCR 7(d).

[2] 18 U.S.C. § 924(e)(2)(B).

[3] "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'"  *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1262 (2016) (quoting *Johnson*, 135 S. Ct. at 2556).

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The ACCA's "violent felony" definition consisted of three parts: (1) the elements clause, (2) the enumerated offenses clause, and (3) the residual clause.  *See United States v. Ladwig*, ---F. Supp. 3d---, 2016 WL 3619640, at *2 (E.D. Wash. June 28, 2016).

Mr. Lee contends that he was unconstitutionally sentenced under the residual clause of the ACCA.  (Pet. at 7.)

**B.    Factual Background**

On November 9, 2006, after a three-day jury trial, Mr. Lee was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), conspiracy to obstruct justice, and obstruction of justice.  *See United States v. Lee*, No. CR06-0164JLR (W.D. Wash. Nov. 9, 2006), (Dkt. # 102) ("Jury Verdict").  Mr. Lee also pled guilty to possession of cocaine before the jury trial.  *Id.*, (Dkt. # 55) ("Plea Agreement").  On February 15, 2007, Mr. Lee moved for a new trial.  *Id.*, (Dkt. #110).  The court denied Mr. Lee's motion on March 5, 2007.  *Id.*, (Dkt. # 113).

1.    Mr. Lee's Sentencing

The court sentenced Mr. Lee on May 14, 2007.  *Id.*, (Dkt. # 138) ("Sentencing").  The United States Probation Office and the Government both argued that Mr. Lee

1  qualified as an armed career criminal under the ACCA based on three predicate

2  convictions: 1987 Robbery in the First Degree (No. 87-1-00649-9 (Wash. Aug. 5, 1987))

3  and two counts of federal armed bank robbery in 1992 (No. CR92-0286RSL (W.D.

4  Wash. Nov. 20, 2006).  The court agreed.  At his sentencing, Mr. Lee urged the court to

5  apply the United States Sentencing Guidelines without imposing the ACCA enhancement

6  because the ACCA was "void for vagueness" and violated "the guarantee of a separation

7  of powers between the judiciary and [C]ongress."  (Pet. at 4); CR06-0164JLR,

8  Sentencing at 3:20-23.  The court rejected Mr. Lee's arguments, concluded that the

9  ACCA was constitutional,[4] and sentenced Mr. Lee to 216 months in prison based on the

10  three predicate convictions.[5]  *Id*. at 15:21-23.

11      The court based Mr. Lee's sentence on a finding that his total offense level was 33

12  with a criminal history category of IV, which produced a sentencing range of 188 to 235

13  months.  *Id*. at 17:12-17.  Sentencing under the ACCA increased Mr. Lee's statutory

14  sentencing range from a range of zero to 10 years in prison to a range of 15 years to life.

15  *Compare* 18 U.S.C. § 924(a)(2), *with* 18 U.S.C. § 924(e)(1).

16      Although it is clear that the court imposed Mr. Lee's sentence under the ACCA,

17  the record is silent as to which ACCA clause the court employed.  Specifically, the

18  court did not indicate which of the three clauses Mr. Lee's prior convictions fell under—

19  _____

   [4] Specifically, the court found "that as a matter of constitutional law, the Armed Career
20  Criminal Act is not void for vagueness or void as a violation of the separation of powers
   doctrine."  CR06-0164JLR, Sentencing at 15:21-23.

21      [5] Mr. Lee was sentenced to a term of 216 months for felon in possession of a firearm as
   an armed career criminal; 51 months for conspiracy to obstruct justice; 51 months for obstruction
   of justice; and 8 months for possession of cocaine base, with all terms running concurrently with
22  each other.  CR06-0164JLR, Sentencing at 10:11-11:10.

1    the elements clause, the enumerated offenses clause, or the now-invalidated residual

2    clause.  *See* CR06-0164JLR, Sentencing.

3         2.   Mr. Lee's Attempts at Post-Conviction Relief

4         After sentencing, Mr. Lee sought post-conviction relief through a number of

5    avenues.  Mr. Lee's conviction became final after the Ninth Circuit Court of Appeals

6    denied his direct appeal—on grounds unrelated to the ACCA—on August 27, 2008.

7    *United States v. Lee*, 290 Fed. App'x 977 (9th Cir. 2008).  In February 2010, Mr. Lee

8    filed his first petition under 28 U.S.C. § 2255, challenging both his conviction and

9    sentence.  CR06-0164JLR, Dkt. #146 ("First Pet.").  In his petition, Mr. Lee raised six

10   grounds for habeas relief: two related to ineffective assistance of counsel, three related to

11   government misconduct, and one attacking his sentence based on the argument that the

12   ACCA did not apply because his armed robbery convictions—of a Seafirst Bank on

13   February 11, 1992, and a US Bank on May 28, 1992—should count as a single

14   conviction.  *Id.* at 5-23.  The court denied Mr. Lee's petition.  *Lee v. United States*, No.

15   C10-0296 (W.D. Wash. Dec. 1, 2011), Dkt # 40; *see also Id*. Dkt # 44 (denying Mr.

16   Lee's request for a certificate of appealability).

17        On May 4, 2016, Mr. Lee filed the instant successive petition under 28

18   U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (*See* Pet.)  Mr. Lee requests

19   that the court grant his Section 2255 motion, vacate his sentence, and resentence him.

20   (Pet. at 3.)

21   //

22   //

# III.   ANALYSIS

## A.   Legal Standard

A prisoner in federal custody may collaterally challenge his sentence under 28 U.S.C. § 2255 on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. . . ." 28 U.S.C. § 2255(a).  A prisoner seeking such relief must generally bring his Section 2255 petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  However, a prisoner may also seek habeas relief within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  The claimed error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

## B.   Mr. Lee's Petition

Mr. Lee argues that he is entitled to habeas corpus relief under 28 U.S.C. § 2255 because of the newly-recognized right announced in *Johnson*.  (*See* Pet. at 7-8.) Specifically, Mr. Lee argues that his sentence was unconstitutionally enhanced under the ACCA's residual clause.  (Pet. at 7-8.)  The Government argues, however, that Mr. Lee's claim is procedurally barred for two reasons: (1) he waived any claim that his prior convictions are not "violent offenses" under the ACCA by failing to raise that argument

1    in prior proceedings and, (2) his claim is untimely because he does not assert a true

2    *Johnson* claim since his claim is based on earlier case law.  (Answer at 17-21.)  The court

3    first considers Mr. Lee's procedural arguments before turning to the merits of Mr. Lee's

4    petition.

5         1.  Procedural Default

6         The Government argues first that Mr. Lee has waived any claim that his prior

7    convictions were not "violent felonies" under the ACCA because he did not raise this

8    specific argument at his sentencing or on appeal and thus his claim is procedurally

9    defaulted.  (Answer at 17-18.)  The court finds that Mr. Lee overcomes this procedural

10   default in light of *Johnson*.  To overcome procedural default, Mr. Lee must demonstrate

11   (1) "cause" and (2) "actual prejudice resulting from the errors of which he complains."

12   *United States v. Frady*, 456 U.S. 152, 168 (1982).  A petitioner may show cause by

13   demonstrating that "the factual or legal basis for a claim was not reasonably available to

14   counsel" at the time at which the claim would appropriately have been raised.  *Murray v.*

15   *Carrier*, 477 U.S. 478, 488 (1986).  Here, prior decisions in *James v. United States*, 622

16   Fed. App'x 689 (9th Cir. 2015) and *Sykes v. United States*, 564 U.S. 1 (2011) foreclosed

17   the particular constitutional challenge to the residual clause that Mr. Lee makes.  It was

18   not until the Court's decision in *Johnson* that a constitutional challenge to the residual

19   clause was made available to petitioners like Mr. Lee.  In light of *James* and *Sykes* such a

20   challenge "would have been futile" because a "solid wall of authority" barred it.  *English*

21   *v. United States*, 42 F. 3d 473, 479 (9th Cir. 1994) (internal quotations and citations

22   omitted); *see also Kimes v. United States*, 939 F.2d 776, 778 (9th Cir. 1991) (holding that

1    failure to object to a jury instruction was not fatal to a Section 2255 petition because

2    well-settled law precluded the claim at the time).  The court therefore concludes that Mr.

3    Lee has shown sufficient cause for his procedural default.  *See Lilley v. United States*,

4    No. C16-0410JLR, 2016 WL 6997037, at *4-5 (W.D. Wash. Nov. 30, 2016); *Carpio v.*

5    *United States*, No. C16-0647JLR, 2016 WL 6395192, at *8-9 (W.D. Wash. Oct. 28,

6    2016).

7           To demonstrate prejudice, Mr. Lee must show there is a reasonable probability

8    that in the absence of the error the results of the proceedings would have been different.

9    *Strickler v. Greene*, 527 U.S. 263, 289 (1999).  Mr. Lee argues that in the absence of the

10   ACCA enhancement he would have been sentenced to a statutory maximum of ten years.

11   (Reply at 19.)  Instead, Mr. Lee was sentenced to a term of 216 months—18 years.  The

12   Government does not challenge Mr. Lee's ability to demonstrate prejudice.  The court

13   concludes that the constitutional error that Mr. Lee alleges in the enhancement of his

14   sentence pursuant to the ACCA's residual clause would "work[] to his *actual and*

15   *substantial disadvantage*" if demonstrated.  *See Lilley*, 2016 WL 6997037, at *4; *Carpio*,

16   2016 WL 6395192, at *9; *United States v. Kinman*, No. C16-1360JM, 2016 WL

17   6124456, *3-4 (S.D. Cal. Oct. 20, 2016).  Accordingly, the court finds that Mr. Lee has

18   shown cause and prejudice sufficient to overcome any procedural default, and the court

19   turns to the merits of his claim.

20          2.   Timeliness

21          The Government argues that Petitioner's claims actually originate in rulings

22   announced much earlier in *Descamps v. United States*, ---U.S.---, 133 S.Ct. 2276, 2284

1   (2013) and *Johnson v. United States*, 559 U.S. 353, 357-60 (2010) ("*Johnson I*") and

2   thus are untimely.[6] (*See* Answer at 26.); 28 U.S.C. § 2255(f) (one-year statute of

3   limitation for a habeas petition shall run from the date when the conviction becomes final

4   *or* the date a newly asserted right was initially recognized by the Supreme Court). If Mr.

5   Lee's claim is not a *Johnson* claim, it is untimely because his sentence became final more

6   than one year before he filed his second habeas petition. *Compare United States v. Lee*,

7   290 Fed. App'x 977 (9th Cir. 2008), *with* (Pet.) (filed May 4, 2016).

8          The court is not persuaded by the Government's argument. Mr. Lee cites

9   *Descamps* and *Johnson I* as statutory interpretation cases that assist the court in

10  construing the ACCA in order to either eliminate or confirm the court's reliance on the

11  now-invalidated residual clause at the time of Mr. Lee's sentencing.[7] (*See* Pet. at 8;

12  Reply at 11.) The Government argues that relying on case law that pre-dates *Johnson* is

13  inappropriate in the context of a *Johnson* claim. (*See* Answer at 22-26.) But "there is

14

15  ────────────────

    [6] In supplemental briefing, the Government submits *Williams v. United States*, No. C16-
    0939RSM, 2016 WL 5920083 (W.D. Wash, Oct. 11, 2016) as support for the argument that

16  where the record is silent as to which clause of the ACCA the court relied on, a petitioner must
    rely on cases other than *Johnson* and therefore does not bring a *Johnson* claim. (Dkt. # 11,
    ("Supplemental Briefing")). The *Williams* court held that the petitioner could not demonstrate

17  the court had relied on the residual clause, and even if it had, "any such mistake was harmless."
    *Id.* at *4. The court finds *Williams* inapplicable to the specific facts raised in Mr. Lee's petition.

18  Instead, the court finds *Kilgore v. United States*, No. C16-0995RSM, 2016 WL 7180306 (W.D.
    Wash. Dec. 9, 2016) on point. In *Kilgore*, the court rejected an argument identical to the present

19  one from the Government, finding that the petitioner had a *Johnson* claim even if his arguments
    relied on earlier cases. *Id.* at *3.

20          [7] The Government asserts that Mr. Lee must demonstrate by a preponderance of the
    evidence that the court relied exclusively on the ACCA's residual clause in ruling that his first-

21  degree robbery conviction was a violent felony. (Resp. at 22.) Mr. Lee argues that the
    applicable standard is harmless-error. (Reply at 7.) The court need not resolve this dispute

22  because under either standard, Mr. Lee's prior conviction for robbery in the second degree could
    only qualify as a crime of violence under the residual clause. *See infra* § III.B.3.

1   existing precedent for applying current case law when determining whether a

2   constitutional error was harmless in the context of a motion under 28 U.S.C. § 2255."

3   *Ladwig*, 2016 WL 3619640, at \*5.  *See, e.g.*, *Capitol Square Review & Advisory Bd. v.*

4   *Pinette*, 515 U.S. 753, 762 (1995) (noting that previous decisions must necessarily inform

5   the Court's analysis because "the Court does not write on a blank slate").

6           Public policy considerations also "favor the application of current law which

7   resolves past ambiguities or outright inconsistencies."  *Haffner v. United States*, No.

8   C16-0448-RAJ, 2016 WL 6897812, at \*3 (W.D. Wash. Nov. 23, 2016).  As described by

9   the *Ladwig* court:

10          An inquiry that requires judges to ignore intervening decisions that, to some
            degree, clear the mire of decisional law seems to beg courts to reach
11          inconsistent results.  Current case law has clarified the requisite analysis
            and applying that should provide greater uniformity, helping to insure that
12          like defendants receive like relief.

13  *Ladwig*, 2016 WL 3619640, at \*5.

14          Although *Johnson* created a new constitutional right, such rights do not exist in a

15  vacuum and the court must analyze new constitutional rights within the framework of law

16  developed in the preceding timeframe.  *See, e.g.*, *Capitol Square Review & Advisory Bd.*

17  *v. Pinette*, 515 U.S. 753, 762 (1995) (noting that previous decisions must necessarily

18  inform the Court's analysis because "[the Court] do[es] not write on a blank slate").  Mr.

19  Lee's reliance on earlier cases does not convert his *Johnson* motion into a habeas claim

20  that is solely based on older case law.  Accordingly, the court determines that Mr. Lee

21  brings a timely claim under *Johnson*.

22  //

ORDER - 10

1    3.   The Sentencing Court's Reliance on the ACCA's Residual Clause

2        After concluding that Mr. Lee's claim is not procedurally barred, the court next

3    determines whether the court relied upon the ACCA's constitutionally invalid residual

4    clause when it imposed Mr. Lee's sentence.   Although the *Johnson* Court invalidated the

5    ACCA's residual clause, the Court's decision did "not call into question application of

6    the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's]

7    definition of a violent felony."  135 S. Ct. at 2563.  If the court did not rely on the

8    residual clause and instead relied on an alternative clause, Mr. Lee is not entitled to the

9    relief he seeks.  For the reasons set forth below, the court concludes that at least one of

10   Mr. Lee's prior convictions could not have been considered a crime of violence without

11   reference to the residual clause.  Because a court can impose the ACCA enhancement

12   only if a person has three qualifying prior convictions, Mr. Lee is entitled to a

13   resentencing.

14       Mr. Lee argues primarily that his 1987 first-degree robbery conviction cannot

15   serve as a qualifying prior conviction.[8]  Washington first- and second-degree robbery

16   share the same core definition:

17       A person commits robbery when he or she unlawfully takes personal
         property from the person of another or in his or her presence against his or
18       her will by the use or threatened use of immediate force, violence, or fear of
         injury to that person or his or her property or the person or property of
19       anyone.  Such force or fear must be used to obtain or retain possession of

20

21   [8] Mr. Lee also argues that his two federal armed bank robbery convictions cannot be
     predicate felonies under the ACCA in the absence of the residual clause.  (Pet. at 13-14.)
     Because the court determines that Washington first-degree robbery is not a predicate felony
22   under the ACCA, the court does not consider whether federal armed bank robbery qualifies.

the property, or to prevent or overcome resistance to the taking; in either of
which cases the degree of force is immaterial…

RCW 9A.56.190.  Robbery is then elevated to robbery in the first degree if the definition
of robbery in the second degree is fulfilled and one of three aggravating factors is
present:  "(a) [the offender i]s armed with a deadly weapon; or (b) Displays what appears
to be a firearm or other deadly weapon; or (c) Inflicts bodily injury."  RCW 9A.56.200
(1987).

    a. *Enumerated Clause*

   First, Mr. Lee contends that first-degree robbery conviction under Washington law
is not an enumerated "violent offense" under the ACCA.  (Pet. at 9-10).  After *Johnson*, a
violent felony is an ACCA predicate offense under the enumerated clause if it "is
burglary, arson, or extortion, [*or*] involves use of explosives[.]"  18 U.S.C.
§ 924(e)(2)(B)(ii).  Mr. Lee's first-degree robbery conviction does not qualify under the
enumerated clause because robbery simply is not one of the listed offenses.  *Id.*; *see also
United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (finding that a predicate
crime under the enumerated clause must fit within the generic crimes listed by name
thereunder).  The Government does not contest this position.  (*See* Answer.)
Accordingly, the court must have either categorized Mr. Lee's first-degree robbery
conviction as an offense that fits within the elements clause or as a generic violent
offense under the invalidated residual clause.

//

//

1          b.    *Elements Clause*

2          Mr. Lee next argues that first-degree robbery does not qualify as an ACCA

3  predicate felony under the elements clause.  (Pet. at 8 (quoting 18 U.S.C.

4  § 924(e)(2)(B)(i)-(ii)).)  The court agrees.  Neither the core definition of robbery (shared

5  by first- and second-degree robbery) nor the aggravating factors specific to Washington

6  first-degree robbery match the definition of a violent felony under the ACCA's elements

7  clause.

8          The court analyzes whether first-degree robbery fits within the ACCA's elements

9  clause by applying the analytical approach set forth in *Descamps*, 133 S. Ct. 2276.  Under

10  *Descamps*, the court first compares the elements of the state offense to the elements of

11  the generic offense defined by federal law.  *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867

12  (9th Cir. 2015).  The rule in the Ninth Circuit is that such analysis must be conducted

13  "categorically;" i.e., the Court looks only to the definition of the offense, not to the

14  underlying conduct of a particular offense. *United States v. Wenner*, 351 F.3d 969,972

15  (9th Cir. 2003).  First-degree robbery under Washington law can be a categorical match

16  for "generic robbery" only if "the elements of the state crime are the same as or narrower

17  than the federal offense." *Lopez-Valencia*, 798 F.3d at 867.  In addition to fulfilling the

18  federal definition of "generic robbery," a Washington first-degree robbery conviction can

19  only be a predicate felony under the ACCA's elements clause if the statute meets two

20  additional requirements. *Dixon*, 805 F.3d at 1197.  "First, the 'physical force' used must

21  be 'violent force,' or 'force capable of causing physical pain or injury to another

22  //

1  person.'"  *Id.* (quoting *Johnson I*, 559 U.S. at 140).  "Second, the use of force must be

2  intentional, not just reckless or negligent."  *Id.*

3      If the Washington first-degree robbery statute is "overbroad," meaning that it

4  criminalizes conduct that goes beyond the elements of the federal offense, the court must

5  then determine if the statute is "divisible" or "indivisible."  *Id.*  "[D]ivisible statutes

6  contain multiple, alternative elements of functionally separate crimes."  *Rendon v.*

7  *Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014).   A "jury faced with a divisible statute must

8  unanimously agree on the particular offense of which the petitioner has been convicted."

9  *Id.*  If the statute is indivisible, the court's inquiry ends because a conviction under an

10  overbroad and indivisible statute cannot serve as a predicate offense.  *Id.*  The court finds

11  that first-degree robbery as defined in Washington is both overbroad and indivisible.

12      First, both the core definition of robbery and the aggravating factors specific to

13  first-degree robbery are overbroad.  As a preliminary matter, this court previously

14  determined that the core definition of robbery in Washington does not qualify as a violent

15  offense under the elements clause because physical force against a person is not a

16  necessary element of that offense.  *See Lilley*, 2016 WL 6997037, at *17-20; *see also*

17  *Dietrick v. United States*, No. C16-0705 MJP, 2016 WL 4399589, at *4 (W.D. Wash.

18  Aug. 18, 2016).  A "violent felony" qualifies as an ACCA predicate offense under the

19  ACCA elements clause only if it "has as an element the use, attempted use, or threatened

20  use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(ii).  In

21  *Johnson I*, the Supreme Court defined "physical force" as "*violent* force—that is, force

22  capable of causing physical pain or injury to another person."  *Johnson I*, 559 U.S. at 140

1    (emphasis in original).  In Washington, a defendant may be convicted of second-degree

2    robbery merely by threat of force against a person's property.  *Lilley*, 2016 WL 6997037

3    at *8.  The core definition of Washington robbery is therefore overbroad.

4         Having previously determined that the core definition of robbery does not qualify

5    as a violent offence under the elements clause, the court turns its attention to the

6    aggravating factors specific to first-degree robbery, finding that the aggravating factors

7    are also overbroad.  In Washington, "[a] person is guilty of robbery in the first degree if:

8    in the commission of a robbery or of immediate flight therefrom, [the offender]: (a) Is

9    armed with a deadly weapon; or (b) Displays what appears to be a firearm or other deadly

10   weapon; or (c) Inflicts bodily injury."  RCW 9A.56.200 (1987).  The Ninth Circuit has

11   defined "generic robbery" as "'aggravated larceny, containing at least the elements of

12   misappropriation of property under circumstances involving immediate danger to the

13   person.'"  *See Dixon*, 805 F.3d at 1199 n.4 (quoting *United States v. Becerril-Lopez*, 541

14   F.3d 881, 890–91 (9th Cir. 2008)).  Federal "generic robbery" also requires "violent

15   force" that the offender intended to use against another person.  *Id.* at 1197.

16        Mr. Lee argues that the aggravating factors of first-degree robbery are overbroad

17   because the factors do not require violent force or intent.  (Pet. at 13.)  The Government

18   does not challenge Mr. Lee on this point.  (*See* Answer.)  The Ninth Circuit has held that

19   one of the aggravating factors—being armed with a deadly weapon—does not require the

20   use of violent force.  *United States v. Werle*, 815 F.3d 614, 621 (9th Cir. 2016) ("[T]he

21   fact that an individual is armed does not necessarily mean that he or she has used the

22   weapon in any way.").  Washington first-degree robbery also does not require intent to

1    use force against a person.  *See State v. Decker*, 111 P.3d 286, 288 (Wash. Ct. App. 2005)

2    ("Intent to cause bodily injury is not an element of robbery in the first degree as defined

3    in Washington."); *State v. McCorkle*, 945 P.2d 736, 744 (Wash. Ct. App. 1997) ("The

4    intent required to prove robbery in the first degree is intent to deprive the victim of the

5    property.").  Under the categorical approach, if the Washington first-degree robbery

6    statute criminalizes "some conduct that would qualify as a predicate offense and other

7    conduct that would not," the statute is overbroad.  *United States v. Jennings*, 515 F.3d

8    980, 987 (9th Cir.2008).  The Washington first-degree robbery statute criminalizes

9    conduct that does not constitute violent force and conduct that can be committed without

10    the intent to harm another person.  The Washington first-degree robbery statute is

11    therefore categorically overbroad.

12         The first-degree robbery statute is also indivisible.  A divisible statute defines

13    elements in the alternative, essentially creating separate crimes within the statute.

14    *Descamps*, 133 S.Ct. at 2284 (stating that a statute is divisible when it "comprises

15    multiple, alternative versions of the crime").  "The touchstone for divisibility is whether

16    or not the jury must make a determination of the facts supporting the generic crime."

17    *United States v. Packer*, No. CR04-0263-WFN-1, 2016 WL 1253870, at *3 (E.D. Wash.

18    Mar. 8, 2016) (citing *Rendon*, 764 F.3d at 1084-90).  "By contrast, a statute is indivisible

19    if the jury may disagree on the fact at issue yet still convict."  *Lopez-Valencia*, 798 F.3d

20    at 869.  Under the Washington Pattern Jury Instructions, a jury deliberating over a first-

21    degree robbery charge need not agree on whether force or fear motivated the victim, or

22    whether the force was directed at a person or property.  Washington Pattern Jury

1  Instructions: Criminal 37.02, 37.04 (1st ed. Supp. 1986); *see also Haffner*, 2016 WL
2  6897812, at *8.  It is therefore possible to be convicted of first-degree robbery without
3  juror unanimity as to the exact means by which the defendant committed the crime.
4  Washington's first-degree robbery statute is therefore categorically overbroad and
5  indivisible.  Accordingly, the court could not have sentenced Mr. Lee under the ACCA's
6  elements clause.

7       The court has determined that Mr. Lee could not have been sentenced under the
8  enumerated or elements clauses of the ACCA, the only constitutional alternatives to the
9  residual clause.  *See Kilgore*, 2016 WL 7180306, at* 5 ("[T]he Court cannot see how the
10  [Washington first-degree] robbery... convictions as presented to the Court could have
11  qualified under the elements or enumerated clauses.").  The court therefore finds that Mr.
12  Lee was unlawfully sentenced in the wake of *Johnson* because the court sentenced him
13  under the now-invalid residual clause.

14  ## IV.  CONCLUSION

15       Based on the foregoing, the court GRANTS Mr. Lee's motion to vacate, correct,
16  or set aside his sentence (Dkt. #1) pursuant to 28 U.S.C. § 2255.  The court VACATES
17  and SETS ASIDE the sentence in No. CR06-0164JLR (W.D. Wash.).  The court will
18  permit Mr. Lee to submit objections to his Presentence Report pursuant to Federal Rule
19  of Criminal Procedure 32(i)(1)(D), allow both Mr. Lee and the Government to argue for
20  an appropriate and lawful sentence, and resentence him.  The parties shall contact the
21  court's Courtroom Deputy to provide their recommendations and availability for a new
22  //

ORDER - 17

1 | sentencing date.  The court further DIRECTS the Clerk of Court to forward a copy of this

2 | order to Mr. Lee and all counsel of record.

3 |      Dated this 27th day of January, 2017.

4

5

6 | JAMES L. ROBART
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 18